## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL HOOD | : |
| 451 Indiana Avenue | : |
| Philadelphia, Pennsylvania 19134 | : |
| and | : |
| REGINALD LEWIS | : |
| 7142 Marsden Street | : |
| Philadelphia, Pennsylvania 19135 | : |
| Plaintiffs | : |
| | : |
| v. | :  NO: |
| | :  COMPLAINT AND JURY DEMAND |
| BRODERICK CLAY | : |
| 1208 Tomahawk Place | : |
| Birmingham, Alabama 35214 | : |
| and | : |
| RODERICK WOODS | : |
| 905 Laverne Street | : |
| Birmingham, Alabama 35214 | : |
| and | : |
| RODERICK WOODS d/b/a | : |
| WOODS DEPENDABLE TOWING | : |
| 905 Laverne Street | : |
| Birmingham, Alabama 35214 | : |
| and | : |
| DONNA WOODS | : |
| 1208 Tomahawk Place | : |
| Birmingham, Alabama 35214 | : |
| and | : |
| DONNA WOODS d/b/a | : |
| WOODS DEPENDABLE TOWING | : |
| 905 Laverne Street | : |
| Birmingham, Alabama 35214 | : |
| and | : |
| WOODS DEPENDABLE TOWING | : |
| 905 Laverne Street | : |
| Birmingham, Alabama 35214 | : |
| Defendants | : |

## CIVIL ACTION - COMPLAINT
## THE PARTIES

1.     Plaintiff, **CHERYL HOOD,** is a citizen and resident of the Commonwealth of Pennsylvania, and resides at 451 Indiana Avenue, Philadelphia, Pennsylvania 19134.

2.     Plaintiff, **REGINALD LEWIS,** is a citizen and resident of the Commonwealth of Pennsylvania, and resides at 7142 Marsden Street, Philadelphia, Pennsylvania 19135.

3.     Defendant, **BRODERICK CLAY,** is an adult individual and is a citizen and resident of the State of Alabama, residing at 1208 Tomahawk Place, Birmingham, Alabama 35214.

4.     Defendant, **RODERICK WOODS,** is an adult individual and is a citizen and resident of the State of Alabama, residing at 304 Albany Place, Birmingham, Alabama 35214.

5.     Defendant, **RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING** is a corporation and/or other business entity authorized to and doing business in the State of Alabama and having a location for purposes of service of process located at 905 Laverne Street, Birmingham, Alabama 35214.

6.     Defendant, **DONNA WOODS,** is an adult individual and is a citizen and resident of the State of Alabama, residing at 1208 Tomahawk Place, Birmingham, Alabama 35214.

7.     Defendant, **DONNA WOODS d/b/a WOODS DEPENDABLE TOWING,** is a corporation and/or other business entity authorized to and doing business in the State of Alabama and having a location for purposes of service of process located at 905 Laverne Street, Birmingham, Alabama 35214.

8.     Defendant, **WOODS DEPENDABLE TOWING,** is a corporation and/or other business entity authorized to and doing business in the State of Alabama and having a location for

purposes of service of process located at 905 Laverne Street, Birmingham, Alabama 35214.

9.     At all times material to this Civil Action, Defendant, **BRODERICK CLAY**, acted or failed to act by and through his agents, servants, workmen and/or employees who were then and there acting within the course and scope of his employment and in furtherance of Defendant, **BRODERICK CLAY'S** business.

10.     At all times material to this Civil Action, Defendant, **RODERICK WOODS**, acted or failed to act by and through his agents, servants, workmen and/or employees who were then and there acting within the course and scope of his employment and in furtherance of Defendant, RODERICK WOOD'S business.

11.     At all times material to this Civil Action, Defendant, **RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING**, acted or failed to act by and through his agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment and in furtherance of Defendant, **RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING'S** business.

12.     At all times material to this Civil Action, Defendant, **DONNA WOODS,** acted or failed to act by and through her agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment and in furtherance of Defendant, **DONNA WOODS'** business.

13.     At all times material to this Civil Action, Defendant, **DONNA WOODS d/b/a WOODS DEPENDABLE TOWING,** acted or failed to act by and through her agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment and in furtherance of Defendant, **DONNA WOODS d/b/a WOODS DEPENDABLE TOWING'S** business.

14.     At all times material to this Civil Action, Defendant, **WOODS DEPENDABLE TOWING,** acted or failed to act by and through it's agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment and in furtherance of Defendant, **WOODS DEPENDABLE TOWING'S** business.

15.     At all times material to this Civil Action, Plaintiff, **REGINALD LEWIS,** owned, operated, possessed, maintained and controlled a 2000 Mercury Grand Marquise, Pennsylvania License Plate HJS5843.

16.     At all times material to this Civil Action, Plaintiff, **CHERYL HOOD,** was a restrained passenger in the vehicle operated by Plaintiff, **REGINALD LEWIS**

17.     Defendant, **BRODERICK CLAY,** operated, possessed, controlled, maintained, and/or leased a 2015 Dodge Ram, Alabama License Plate IX212925, said vehicle owned and/or co-owned, leased and/or co-leased, possessed and/or co-possessed and maintained and/or co-maintained by Defendants, **RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING and WOODS DEPENDABLE TOWING**, jointly and/or severally, and operated by Defendant, **BRODERICK CLAY**, with the permission and consent of Defendants, **RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING and WOODS DEPENDABLE TOWING,** jointly and/or severally.

## JURISDICTION

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $150,000.00, exclusive of interest and costs,

and is between citizens of different States."

## VENUE

19.     Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Plaintiffs aver and incorporate by reference all of the allegations of Paragraphs 1 through 19, inclusive, and set forth the same as though said paragraphs were herein provided in full.

21.     On or about August 27, 2015, at approximately 11:20 p.m., Plaintiffs, **REGINALD LEWIS** and **CHERYL HOOD**, were traveling in the aforesaid motor vehicle in the right lane on Allegheny Avenue, at or near it's intersection with Broad Street in Philadelphia County, Commonwealth of Pennsylvania.

22.     At the aforesaid time and place, Defendant, **BRODERICK CLAY**, was operating Defendants' tow truck in the left eastbound lane on Allegheny Avenue and suddenly and without warning, so negligently, carelessly and recklessly attempted to execute a right turn onto Broad Street, causing the trailer of his vehicle to make violent contact with Plaintiffs' vehicle causing Plaintiffs to sustain the injuries and other losses more fully set forth herein.

23.     The injuries resulted solely from the negligence, carelessness and/or recklessness of the Defendants in the operation, management, possession, control and entrustment of the vehicle identified herein and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiffs, **CHERLY HOOD** and **REGINALD LEWIS.**

## COUNT I
## CHERYL HOOD v. BRODERICK CLAY, RODERICK WOODS, RODERICAL WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS a/k/a WOODS DEPENDABLE TOWING AND WOODS DEPENDABLE TOWING, jointly and/or severally

24.     Plaintiff, **CHERYL HOOD,** avers and incorporates by reference all of the allegations of Paragraphs 1 through 23, inclusive, and set forth the same as though said paragraphs were set forth herein at length.

25.     The aforesaid motor vehicle accident was caused solely by reason of the negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS a/k/a WOODS DEPENDABLE TOWING and WOODS DEPENDABLE TOWING,** jointly and/or severally, and in addition to the aforementioned, consisted of the following:

a.     Operating a motor vehicle at a high and dangerous rate of speed under the circumstances;

b.     Failing to have a motor vehicle under proper control at that time;

c.     Failure to use the highest degree of skill in the operation of a motor vehicle;

d.     Failing to keep a proper lookout for others lawfully upon the road;

e.     Continuing to operate a vehicle in a direction toward the vehicle in which Plaintiff, **CHERYL HOOD**, was a passenger in, when Defendants, jointly and/or severally, or in the exercise of reasonable diligence should have seen that further operation in that direction would result in a collision;

f.     Failing to stop the motor vehicle upon the shortest possible notice;

g.     Following too closely behind another motor vehicle;

h.    Operating a motor vehicle in violation of the laws and ordinances of Philadelphia County, Commonwealth of Pennsylvania.

i.    Defendants, jointly and/or severally, negligently, carelessly and recklessly, entrusted their motor vehicle to the care, custody and control of Defendant, **BRODERICK CLAY**, who they knew, or should have known, would operate the motor vehicle in a negligent, careless and/or reckless manner;

j.    Defendants, jointly and/or severally, failed to properly and adequately instruct, train, supervise and/or qualify Defendant, **BRODERICK CLAY,** in the safe and proper usage and operation of his motor vehicle.

k.    Defendant, **BRODERICK CLAY**, failed to properly perform due diligence in ascertaining the qualifications and abilities of Defendants, jointly and/or severally, in the safe operation and usage of his motor vehicle.

26.    As a result of the aforesaid negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **CHERYL HOOD,** was caused to sustain severe and permanent injuries requiring medical treatment, to the bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body, including, but not limited to here back, shoulders, neck, arms, legs, hips knees, including, but not limited to cervical, thoracic and lumbar strain/sprain, right S1 radiculopathy and right L4 radiculopathy, C5-6 central herniated disc in contact with the cord; rightward disc bulging at T11-T12 and T12-L1, right foraminal disc building at L1-2 with facet arthroscopy, broad based disc herniation at L2-3 mildly effacing the ventral thecal sac and with facet arthopathy resulting in mild-moderate left and moderate right foraminal stenosis; bilobed disc herniations at L3-4 mildly effacing the rightward and moderate left foraminal stenosis and with ligamentum flavum

hypertrophy resulting in his left lateral recess stenosis; disc bulging at L4-5, L5-S1; sacral radiculopathy S1; right lumbar radiculopathy at L4 myofascial tear, and was caused pain and suffering and was prevented from pursuing her usual activities, has permanent disabilities that will affect Plaintiff, **CHERYL HOOD,** and may have caused Plaintiff to sustain other diverse losses and to incur such expenditures for an indefinite period of time in the future, to her great detriment and loss.

27.     As a further result of the negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **CHERYL HOOD,** has and will be obliged to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, to Plaintiff's great detriment and loss.

28.     As a further result of the negligence and carelessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **CHERYL HOOD,** has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer same for an indefinite time in the future, to Plaintiff's great detriment and loss.

29.     As a result of the negligence and carelessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **CHERYL**

WOODS, suffered a loss of earnings and earning capacity or may suffer a loss of earnings and earning capacity and impairment of earning capacity and power, and may continue to incur same in the future.

**WHEREFORE**, Plaintiff, **CHERYL WOODS,** demands damages against Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, cost of suit and attorneys' fees.

<u>COUNT II</u>
<u>REGINALD LEWIS v. BRODERICK CLAY, RODERICK WOODS, RODERICAL WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS a/k/a WOODS DEPENDABLE TOWING AND WOODS DEPENDABLE TOWING, jointly and/or severally</u>

30.     Plaintiff, **REGINALD LEWIS,** avers and incorporates by reference all of the allegations of Paragraphs 1 through 29, inclusive, and set forth the same as though said paragraphs were set forth herein at length.

31.     The aforesaid motor vehicle accident was caused solely by reason of the negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS a/k/a WOODS DEPENDABLE TOWING and WOODS DEPENDABLE TOWING,** jointly and/or severally, and in addition to the aforementioned, consisted of the following:

> a.     Operating a motor vehicle at a high and dangerous rate of speed under the circumstances;
>
> b.     Failing to have a motor vehicle under proper control at that time;
>
> c.     Failure to use the highest degree of skill in the operation of a

motor vehicle;

d.     Failing to keep a proper lookout for others lawfully upon the road;

e.     Continuing to operate a vehicle in a direction toward the Plaintiff, **REGINALD LEWIS,** when Defendants, jointly and/or severally, or in the exercise of reasonable diligence should have seen that further operation in that direction would result in a collision;

f.     Failing to stop the motor vehicle upon the shortest possible notice;

g.     Following too closely behind another motor vehicle;

h.     Operating a motor vehicle in violation of the laws and ordinances of Philadelphia County and the Commonwealth of Pennsylvania.

i.     Defendants, jointly and/or severally, negligently, carelessly and recklessly, entrusted their motor vehicle to the care, custody and control of Defendant, **BRODERICK CLAY,** who they knew, or should have known, would operate the motor vehicle in a negligent, careless and/or reckless manner;

j.     Defendants, jointly and/or severally, failed to properly and adequately instruct, train, supervise and/or qualify Defendant, **BRODERICK CLAY,** in the safe and proper usage and operation of his motor vehicle.

k.     Defendant, **BRODERICK CLAY**, failed to properly perform due diligence in ascertaining the qualifications and abilities of Defendants, jointly and/or severally, in the safe operation and usage of his motor vehicle.

32.     As a result of the aforesaid negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally,

Plaintiff, **REGINALD LEWIS,** was caused to sustain severe and permanent injuries requiring medical treatment, to the bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body, including, but not limited to his back, shoulders, neck, arms, legs, hips knees, including, but not

33.     As a further result of the negligence, carelessness and/or recklessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **REGINALD LEWIS,** has and will be obliged to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and she may be obliged to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, to Plaintiff's great detriment and loss.

34.     As a further result of the negligence and carelessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and severally, Plaintiff, **REGINALD LEWIS,** has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer same for an indefinite time in the future, to Plaintiff's great detriment and loss.

35.     As a result of the negligence and carelessness of the Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, Plaintiff, **REGINALD LEWIS**, suffered a loss of earnings and earning capacity or may suffer a loss of earnings and earning capacity and impairment of earning capacity and power, and may continue to incur same in the future.

WHEREFORE, Plaintiff, **REGINALD LEWIS,** demands damages against Defendants, **BRODERICK CLAY, RODERICK WOODS, RODERICK WOODS d/b/a WOODS DEPENDABLE TOWING, DONNA WOODS, DONNA WOODS d/b/a WOODS DEPENDABLE TOWING** and **WOODS DEPENDABLE TOWING,** jointly and/or severally, in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, cost of suit and attorneys' fees.

### JURY DEMAND

Plaintiffs, **CHERYL HOOD** and **REGINALD LEWIS,** demand a jury trial.

**THE GALERMAN LAW GROUP**

BY:_____

ALAN F. GALERMAN, ESQUIRE
Attorney for Plaintiffs
Two Penn Center, Suite 1120
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
(267) 930-8090
(215) 599-9110
E-mail: alan@afglegal.com

Date:   June 23, 2017

## *VERIFICATION*

I, CHERYL HOOD, being duly sworn according to law deposes and says that he/she is the Plaintiff in the foregoing action, and that the facts set forth in the foregoing statement, herein are true and correct to the best of his/her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
CHERYL HOOD

DATE:_____

## *VERIFICATION*

I, REGINALD LEWIS, being duly sworn according to law deposes and says that he/she is the Plaintiff in the foregoing action, and that the facts set forth in the foregoing statement, herein are true and correct to the best of his/her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

REGINALD LEWIS

DATE:_____